THE STATE, THE ORANGE NATIONAL BANK, PROSECUTOR, v. CHAUNCEY G. WILLIAMS, COLLECTOR OF THE CITY OF ORANGE.

. The banking-house and the lot whereon it is erected, of any national or state bank in this state, are to be assessed to the bank in the taxing district where the bank is located, and the value of such banking-house and lot is not to be included in estimating the assessable value of the shares of the stockholders

On *certiorari* in matter of taxation.

Argued at February Term, 1895, before Justices VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *John R. Hardin* and *Joseph Coult.*

For the defendant, *Colie & Swayze.*

The opinion of the court was delivered by

VAN SYCKEL, J. The controversy in this case relates to an assessment of taxes for the year 1894, made against the Orange National Bank by the assessor of the city of Orange.

The only assessment to be reviewed is that upon the banking-house and lot of land upon which it is erected. The question involved is, whether the banking-house and lot are to be assessed in the city of Orange, where the bank is located.

The federal statute, being the act passed June 3d, 1864, as amended by the act of February 10th, 1868, provides that the shares of national banks may be taxed by the states, in the hands of stockholders, subject to the restriction that the taxation shall not be at a greater rate than is assessed upon other moneyed capital, and that the shares of any national bank, owned by non-residents of any state, shall be taxed where the bank is located, and not elsewhere. It provides

also that the real estate of the bank may be taxed as other real property is taxed.    *Rev. Stat. U. S., p.* 1015, § 5219.

It is not denied that the stock of a national bank in the hands of the stockholders, and the property of the bank, is taxable under state laws which do not violate the provisions of the federal statute.

Our state law of 1866 (*Rev., p.* 1152) provides as follows (section 6):

"That the poll tax and tax on personal property shall be assessed upon each inhabitant liable to assessment in the township or ward where he resides; all lands shall be assessed in the township or ward in which they are situate, and every person shall be assessed in the township or ward where he resides for all lands then owned or possessed by him within said township or ward."

Section 16 provides that the stock of every national bank shall be assessed in the township or ward wherein said bank is located, to all stockholders thereof, and it shall be the duty of the bank to retain and pay the amount of tax assessed to each stockholder out of the dividends declared, and that said tax shall be a lien on each stockholder's shares of stock.

Section 17 makes it the duty of the officers of the bank, when applied to by the assessor, to give him a statement, under oath, of the names of stockholders, and of the amount of capital stock and accumulated surplus, and of all other property and assets of such bank and corporation, and authorizes the assessor to take such other means as may be in his power to ascertain the true amount for which stockholders should be assessed.

Section 23 provides that the real estate of private corporations and banks within this state, except the banking-house and lot of ground whereon the same is erected, of banking institutions whose stockholders are taxed, shall be assessed to said corporation or bank in the township or ward in which said real estate is located, in the same manner as the real estate of individuals, and the amount of said assessment shall be deducted from the amount of the capital stock and surplus and funded debt or of the valuable assets of the corporation.

Under this law of 1866, the assessor, in making the valuation of the stock to be assessed in the hands of the stockholders, was required to include the value of the banking-house and lot on which it was erected, as the real estate only of the bank lying in other wards or townships was to be excluded in the computation.

There is nothing in the twenty-third section of the act of 1866 which indicates a purpose to exempt the banking-house and lot from taxation, nor can any reason be perceived why such immunity should be given. In the absence of clear expression to that effect, such an intent should not be implied. The banking-house and lot were to be taxed, not to the bank itself, but to the several shareholders, by including their value in the assessment of the shares. The scheme was to give to each township or ward where real estate was situated, the exclusive benefit of the tax upon it. Townships and wards other than those where the bank was located, were required to assess lands of the bank within their boundary, while the township or ward where the bank was located received the entire tax upon the banking-house and lot by including their assessable value in the assessment against the stockholders of the bank, all of which assessments were paid in the said township or ward out of the dividends due such stockholders, and were a lien upon the shares of stock of the bank.

The question debated arises under subsequent legislation, which must be interpreted in the light of that which preceded it.

A supplement to the act concerning taxes, passed in 1869 (*Pamph. L., p.* 1149), provides that every person shall be assessed in the township or ward where he resides for all shares of the stock of any national bank in this state, or of any bank organized under the laws of this state, owned by him or in his possession or control as trustee, guardian, executor or administrator; and in case said owner, trustee, guardian, executor or administrator shall be a non-resident of this state, then and in that case such bank shall be assessed to the amount of such shares so held or owned by non-residents as

aforesaid in the manner now provided by statute in the case of other corporations.

The said act repeals all acts and parts of acts inconsistent therewith.

By this legislation the mode of taxing shares of bank stock was entirely changed.

The stock was to be assessed to the holder, if he resided in this state, not as under the law of 1866, in the township or ward where the bank was located, but in the township or ward where the stockholder resided. In the case of non-resident stockholders the stock was to be taxed where the bank was located; the liability of the bank to pay such tax, the right to retain it out of the dividends of such non-resident stockholders, and to have a lien upon their shares for it was not affected by the act of 1869. *North Ward National Bank* v. *Newark,* 10 *Vroom* 380; *S. C.,* 11 *Id.* 558.

The draughtsman of the Tax act of 1866 intended to give to every township and ward in the state the whole of the tax levied upon the real estate within its borders. This equitable distribution of the moneys arising from taxation was disturbed by the act of 1869, if it left the twenty third section of the act of 1866 in force in its integrity. The result manifestly would be that such portion of the tax on the assessed value of the banking-house and lot as was included in the assessed value of the shares of stockholders residing in other townships and wards would be withdrawn from the township or ward where the banking-house and lot were located and paid to the township or ward where the shareholder resided.

Whether that provision in the twenty-third section of the act of 1866 which is material to this discussion was changed by the act of 1869, or by the charter of the city of Orange, need not now be considered.

In my judgment, the act of 1891 disposes of this controversy.

That act provides that the tax on visible personal estate shall be assessed in and for the township, ward or taxing district where such property is found; the tax on other per-

sonal estate shall be assessed on each inhabitant in the township, ward or taxing district where he resides, as of the day prescribed by law for commencing the assessment for each year; and all real estate shall be assessed in the township, ward or taxing district in which the same may be situated. *Pamph. L.* 1891, *p.* 189.

This enactment preserves to the township or ward in which the shareholder resides the right to the tax upon his stock, and it restores to the township where the bank is located the right to the entire tax upon the banking-house, and lot on which it is erected, if it was deprived of that tax by the legislation of 1869. The language is general and unmistakable in its meaning. All real estate shall be assessed in the township or ward in which it is situated. This, in the absence of words of exclusion, must include the real estate of banks as well as that of individuals. It is a just provision, in harmony with the act of 1866, and should be given that effect in the absence of expression or clear implication to the contrary. There is no exception in the terms of the statute, and it is inadmissible to engraft such an exception upon it by construction.

In my view, the act of 1891 requires the banking-house and lot to be assessed to the bank in the township or ward where the bank is located, and that their value shall not be computed in estimating the assessable value of the stock of the bank in the hands of its shareholders.

In no other way can the uniform rule be maintained that real estate shall pay its tax to the taxing district in which it lies.

The rule of law is that a general statute providing a general rule, covering an entire subject, repeals by implication all statutes or parts of statutes inconsistent with its provisions. *Roche* v. *Jersey City,* 11 *Vroom* 257; *Gabler* v. *Elizabeth,* 13 *Id.* 79; *Haynes* v. *Cape May,* 23 *Id.* 180; *Vreeland* v. *Jersey City,* 25 *Id.* 49; *Kearny* v. *Ballantine, Id.* 194.

To avoid misunderstanding, it is proper to observe that the act of 1891 does not affect the subject of railroad taxation by

the state. In my judgment, no supplement to the General Tax law of the state will be deemed to apply to the subject of such railroad taxation unless there is a declaration to that effect.

The act of 1891 means that real estate theretofore taxable under the general act concerning taxes shall be assessed where it is situated. It affects, simply, the *locus* of taxation, and is not intended to bring within the general taxing act property not before taxable in some form under it.

My conclusion, from the evidence, is that the value of the banking-house and lot was not included in estimating the assessable value of the bank stock. It was properly taxed to the bank, and the assessment should be affirmed and the writ dismissed, with costs.